# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rotochopper, Inc.,            Civil No. 16-3368 (DWF/LIB)

        Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**

Bandit Industries, Inc.;

        Defendant.

_____

Alexander Farrell, Esq., and Jonathan D. Jay, Esq., Hellmuth & Johnson PLLC, counsel for Plaintiff.

Andrew M. Grove, Esq., Howard & Howard Attorneys PLLC; and Steven L. Reitenour, Esq., Bowman & Brooke, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Defendant Bandit Industries, Inc.'s Motion to Dismiss. (Doc. No. 9.) For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff Rotochopper, Inc., is a Minnesota company with its principal place of business in St. Martin, Minnesota. (Doc. No. 1 ("Compl.") ¶ 1.) Defendant is a Michigan Corporation with its principal place of business in Remus, Michigan. (*Id.* ¶ 2; Doc. No. 11 ("Mocny Decl.") ¶ 4.) Plaintiff is the owner by assignment of the entire

right, title, and interest in U.S. Patent No. 6,207,228 (the '228 Patent), entitled Concurrent Fragmentation and Impregnation Machine and Processing. (Compl. ¶¶ 9, 10, Ex. A (the '228 Patent).) In this action, Plaintiff alleges that Defendant manufactures, assembles, and sells horizontal wood grinder products, stump grinders, hand-fed chippers, and whole-tree chippers, including a horizontal grinder called "The Beast." (Compl. ¶¶ 11-12.) Plaintiff further alleges, upon information and belief, that Defendant has marketed and sold "The Beast" along with a separate coloring system that, when used together, infringe the '228 Patent (together, the "allegedly infringing product"). (*Id*. ¶¶ 6, 14.) "The Beast" can be sold with or without a coloring system. Plaintiff alleges that Defendant sells "The Beast" throughout the United States, including through a dealer in Minnesota. (Doc. No. 14 ("Brick Decl.") ¶ 8.)

According to Defendant, "The Beast" is made and sold by a separate Michigan entity, Smoracy, LLC, and that Defendant helps Smoracy, LLC, market certain large specialty products, including the allegedly infringing product. (Mocny Decl. ¶¶ 9-10.) Defendant also submits that the allegedly infringing product is not mass produced and costs approximately $500,000. (*Id*. ¶ 11.) In addition, Defendant submits that only two have ever been produced and none has ever been manufactured or sold in Minnesota. (*Id*. ¶¶ 11, 12.) Defendant has sold 119 other products in Minnesota, totaling approximately $7,000,000 in sales; however, Defendant submits that these products are unrelated to the allegedly infringing product and account for less than 1% of Defendant's total annual sales. (*Id*. ¶ 13.) Defendant also points out that it does not have any offices in

Minnesota, does not own or lease property in Minnesota, has no bank accounts in Minnesota, and has no employees in Minnesota. (*Id*. ¶¶ 15-18.) Defendant acknowledges that it has an independent dealer in Minnesota, but submits that the dealer is not an employee and does not (and is not authorized to) sell the allegedly infringing product. (*Id*. ¶ 14.)

On October 5, 2016, Plaintiff sued Defendant for patent infringement, asserting a single claim for the direct infringement of the '228 Patent. (*Id.* ¶¶ 32-37.) Defendant now moves to dismiss the claim for lack of personal jurisdiction. (Doc. No. 9.)

## DISCUSSION

**I.      Motion to Dismiss**

Defendant seeks dismissal of Plaintiff's claims for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists; that is, a plaintiff must allege facts to support a reasonable inference that defendant may be subjected to jurisdiction in the chosen forum. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). If, as is the case here, the defendant denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction. *See Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quotation omitted). Once a defendant offers affidavits to challenge personal jurisdiction, "facts, not mere allegations, must be the touchstone" in determining whether personal jurisdiction exists. *Dever*, 380 F.3d at 1072 (citation omitted); *see also*

*Abbasi v. Leading Edge Aviation Servs., Inc.*, Civ. No. 16-295, 2016 WL 4007571, at *3 (D. Minn. July 26, 2016).

In determining whether personal jurisdiction exists in a patent infringement case, courts apply Federal Circuit law. *See 3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). Under Federal Circuit law, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Id.* at 1376-77. Minnesota's long-arm statute extends jurisdiction to the maximum limit consistent with federal due process; therefore the Court need only evaluate whether the requirements of due process are satisfied. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995).

Federal due process requires that defendants have "certain minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). A defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is essential in each case that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Under the minimum contacts analysis, personal jurisdiction over a non-resident defendant may be either general or specific. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). Specific jurisdiction arises out of or relates to the cause of action, and general jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state. *Id.* Plaintiff argues that Defendant's contacts with Minnesota are sufficient to subject it to both general and specific personal jurisdiction in Minnesota. Defendant, on the other hand, argues that it lacks the requisite minimum contacts with Minnesota to support the exercise of either general or specific personal jurisdiction.

### A. Specific Jurisdiction

"Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." *3D Sys., Inc.*, 160 F.3d at 1378. Plaintiff argues that Defendant is subject to specific jurisdiction in Minnesota because it is possible that an infringing product will be sold to a customer in Minnesota. *See Imation Corp. v. Sanho Corp.*, Civ. No. 15-1883, 2016 WL 4179363, at *3 (D. Minn. Aug. 5, 2016) (explaining that "[t]he possibility and probability that [the defendant] shipped one of the [allegedly infringing products] to a Minnesota resident is enough" for specific jurisdiction). In support, Plaintiff asserts that there is evidence that Defendant sells the allegedly infringing product to existing customers of The Beast, and that the

5

possibility that Defendant will sell an allegedly infringing product to a customer of The Beast in Minnesota is enough to warrant the exercise of specific jurisdiction.

Defendant submits that the allegedly infringing product has never been manufactured, assembled, sold, or offered for sale in Minnesota, and that it has not been imported or shipped into Minnesota. (Mocny Decl. ¶ 12.) Defendant points out that Plaintiff defines the allegedly infringing product as "The Beast sold in conjunction with a colorizer system" (Doc. No. 13 at 4 n.1), but concedes that "[a]ll known sales [of The Beast] in Minnesota are without the [colorizer]." (*Id*. at 5.) Thus, Defendant argues, contrary to Plaintiff's assertion, there is no evidence that Defendant has deliberately placed the allegedly infringing product (The Beast *with* a colorizer) into the stream of commerce in Minnesota. The Court agrees. To demonstrate contact sufficient for specific jurisdiction based on a "stream of commerce" argument, Plaintiff must demonstrate that Defendant's sale of the allegedly infringing product was not an isolated occurrence, but instead that any sales arose from Defendant's efforts to deliver the allegedly infringing products into the stream of commerce in Minnesota with the expectation that it would be purchased in the state. *See Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (finding lack of specific jurisdiction where there was no evidence that the accused product was shipped to the forum state); *Beverly Hills Fan. Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565-66 (Fed. Cir. 1994) (finding due process requirement met where a non-resident defendant purposefully shipped accused product into the forum through an established distribution channel). Here, however, Defendant

has put forth evidence that the allegedly infringing product is factory-direct or "made by request," costs roughly $500,000, and that only two such products have ever been manufactured, neither of which has been shipped into Minnesota. (Mocny Decl . ¶¶ 11-12.) Based on these facts, the Court finds that there is insufficient evidence that Defendant "purposely directed" its activities in Minnesota or that the litigation results from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472.

### B. General Jurisdiction

"A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). In *Daimler AG v. Baumann*, 134 S. Ct. 746 (2014), the Supreme Court clarified the standard for exercising general personal jurisdiction over a foreign corporation:

> [A] court may assert jurisdiction over a foreign corporation "to hear any and all claims against [it]" only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum State."

*Id*. at 751 (citation omitted).

> [T]he inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."

7

*Id*. at 761 (citations omitted).

> For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. . . . With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. . . . Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. . . . These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Id*. at 760 (internal quotations, punctuation, and citations omitted). Notably, it has not been held "that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business," but those are the "paradigm all-purpose forums." *Id*.

Here, Plaintiff asserts that general jurisdiction over Defendant is appropriate. In particular, Plaintiff points to evidence that, in the past three years, Defendant has sold 119 products (unrelated to the allegedly infringing product) in the State of Minnesota, totaling approximately $7,000,000 in sales. (Mocny Decl. ¶ 13.) In addition, Plaintiff points to the fact that Defendant has an authorized dealer in Minnesota and a regional sales employee as evidence of widespread solicitation of business that, in conjunction with the amount of sales, places this case in the realm of general jurisdiction.

Defendant argues that the above evidence does not demonstrate sufficient contacts to warrant the exercise of general jurisdiction. Defendant points out that it is a corporation organized under the laws of Michigan with a principal place of business in Michigan. (Compl. ¶ 6; Mocny Decl. ¶ 4.) Defendant also asserts that: (1) in the past

three years, its Minnesota sales (of 119 unrelated products) accounts for less than 1% of its total sales over that same time period; (2) it has only one independent dealer located in Minnesota and that the dealer is not an employee and does not offer (and is not authorized to offer) the allegedly infringing product; (3) it does not have any employees who reside in Minnesota, and that its regional sales manager for the Midwest covers thirteen states and visits Minnesota roughly three times per year; (4) it has no offices in Minnesota and does not lease or rent any real property in Minnesota; (5) it is not licensed to do business in Minnesota and has no registered agent in Minnesota; (6) it has no bank accounts in Minnesota; (7) it does no advertising in Minnesota; and (8) it does not offer to sell any equipment, including the allegedly infringing product, through its website. (Mocny Decl. ¶¶ 13-20.)

While there is evidence that Defendant does a substantial amount of business in Minnesota on an ongoing basis, as noted above, the proper general jurisdiction inquiry is whether Defendant's affiliations with Minnesota are so "continuous and systematic" as to render Minnesota essentially at home in the state. *Daimler*, 134 S. Ct. at 760. "[A]t home" is not synonymous with "doing business." *Id*. at 762 n.20. As explained in *Daimler*, "[a] corporation that operates in many places can scarcely be deemed at home in all of them," and therefore determining whether a defendant is "at home" in a particular state "calls for an appraisal of [its] activities in their entirety, nationwide and worldwide." *Id*.

The Court concludes that the amount of business conducted by Defendant in Minnesota with respect to products unrelated to the allegedly infringing product, in conjunction with its other contacts, such as having an independent dealer in Minnesota and a non-resident regional sales representative who visits Minnesota roughly three times each year, is insufficient to warrant the exercise of general jurisdiction. Significantly, Defendant does not have a place of business, bank account, or any employees in Minnesota. Defendant is incorporated and headquartered in the state of Michigan. This record reveals that Defendant is subject to suit in its "paradigmatic all-purpose forum" of Michigan, and does not support a finding that Defendant is "essentially at home" in Minnesota. Therefore, the exercise of general jurisdiction is unwarranted. Moreover, although there is evidence that Defendant sold products to Minnesota residents, the sales are insufficient to qualify as "continuous and systematic" so as to justify the exercise of general jurisdiction. *See, e.g.*, *Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 78 F.3d 602, 602 (Fed. Cir. 1996) (affirming dismissal of non-resident defendant when products shipped into forum state constituted only 3% of total sales, shipped products did not include the claimed invention, and employee visits were unrelated to asserted patent).

## CONCLUSION

In sum, Defendant is not properly subject to specific or general personal jurisdiction in Minnesota. First, there is insufficient evidence that Defendant's activities in Minnesota gave rise to or are related to the present cause of action. Second, there is insufficient evidence that Defendant has maintained sufficient minimum contacts with

Minnesota such that Defendant would reasonably anticipate being haled into court in Minnesota. Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for lack of personal jurisdiction (Doc. No. [9]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 3, 2017  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge